Florence R. Miller v. Commissioner. Sam H. Miller v. Commissioner.
Miller v. Commissioner
Docket Nos. 11424, 11425.
United States Tax Court
1951 Tax Ct. Memo LEXIS 157; 10 T.C.M. (CCH) 670; T.C.M. (RIA) 51217; July 19, 1951
*157 Lee C. McCandless, Esq., for the petitioners. A. J. Friedman, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion These proceedings are before us on remand from the United States Court of Appeals for the Sixth Circuit. The questions previously considered, insofar as here material, were whether petitioners Sam H. Miller and Florence R. Miller, husband and wife, were partners, both with each other as individuals and with themselves as trustees for their minor children, in the operation of a chain of drug stores, known as Miller's Cut Rate Drugs. We held in a memorandum findings of fact and opinion, promulgated January 17, 1949 [8 TCM 26,], that petitioners, as individuals, were not partners in the business. However, we did recognize a partnership as between Sam H. Miller, individually, and himself and his wife as trustees for their three minor children. This partnership was recognized, however, only by reason of and to the extent of contributions to the partnership of monies which the children's grandfather had given to them in trust for that purpose. We rejected petitioners' contention that the partnership interests of the children *158 included the alleged gifts in trust to them by petitioners of equal individual interests in the business, so that petitioners and the children would each own a one-fifth partnership interest. The Court of Appeals reversed as to the husband and wife partnership, holding that the petitioners were partners in the business but remanded the case to us "for decision on the question of the trust interests established for the minor children as set forth in the opinion." In its opinion the court said: "Counsel for respondent argue in their brief that the Tax Court found there was no evidence of any real intention to make the children partners in the business. This is incorrect. The Tax Court made no finding as to intention with respect to the trusts. * * *
"* * * the case is remanded for decision on the question of the trust interests established for the minor children as hereinbefore set forth." Findings of Fact The facts as to the creation of the partnership and the conduct of the business both before and after the children were allegedly made partners through petitioners as their trustees are fully set out in our prior opinion and the reviewing opinion of the court, and are *159 incorporated herein by reference. As to the children's trusts, the court found as follows: "* * * On December 31, 1940, petitioner and his wife entered into a trust agreement, setting over to themselves, as trustees, a one-fifth interest in each of their respective half interests in the partnership valued at $120,000. Each of the trustees, therefore, purported to place an interest in trust for each of the three children - six trusts in all - valued at $4,000 each. On January 17, 1941, petitioner's father also became the donor of trusts by investing $15,000 in the company, in exchange for which, trust interests were established for the children, with petitioner and his wife named therein as trustees. The trusts for the children established by petitioner's father brought $15,000 additional capital into the business, and as to them, the Tax Court held that they resulted in partnership interests." In making the alleged transfers of portions of their interests in the partnership to themselves as trustees for their children, petitioners did not intend to form a real business partnership with the children or with themselves as trustees for the children. Opinion LEMIRE, Judge: The *160 Court of Appeals said in its opinion [183 Fed. (2d) 776]: "* * * It appears from the instruments which established the trusts for the children in 1940 and 1941, that petitioner and his wife, as trustees, were given powers to control the trust interests in the business as though the trustees were the sole owners of such interests; to control the management and investment of the trust funds; to make other investments from either principal or income at their discretion; to withdraw whatever compensation, as trustees, they saw fit up to the full amount of the annual income. The trust agreement also provided that all additional trust income was to be added to principal, with no distribution to the children until the dissolution of the trusts, which was to occur when the youngest surviving child reached the age of twenty-five years, and after the death of the petitioner. "The grantor of a trust remains taxable on the trust income where the benefits, directly or indirectly retained by him, blend imperceptibly with the normal concepts of full ownership. United States v. Morss, 159 Fed. (2d) 142 (CCA 1). In the instant case, the rights retained in the trusts *161 by the Millers enabled them to continue to use the corpus and income of the trusts in the business exactly as though they were owners, without the right of the beneficiaries to receive any distribution until the termination of the trusts after the death of petitioner; and petitioner and his wife could take for themselves all the income of the trusts, until their termination, for their compensation as trustees. Counsel for respondent submits that under such circumstances, it could reasonably be considered that the benefits in the trusts, directly or indirectly retained by the petitioner and his wife, blended imperceptibly with the normal concepts of full ownership, and that, therefore, the transfer to the children of real partnership interests was not intended. The argument is persuasive, but in the absence of findings on this proposition, it will be necessary to remand the case as in Culbertson v. Commissioner, supra [337 U.S. 733], for a decision as to whether there was an intent to transfer the interests to the children or whether the arrangement merely multiplied, in form, a single economic unit without effecting a change in the economic status of the Millers. See Eisenberg v. Commissioner, 161 Fed. (2d) 506 *162 (CCA 3]. * * *" As we construe the court's opinion, it was intended that we should reconsider the question of the children's participation in the partnership through petitioners as trustees only as to the partnership interests which petitioners themselves allegedly conveyed to themselves in trust for the children. The court's reference to the liability of a grantor for tax on the income of a trust in which he has retained interests tantamount to full ownership can have no application to the trusts set up by the grandfather, since he retained no interest whatever in the trusts or in the partnership. The court in its opinion strongly suggests its agreement with respondent's contention that the retention by the petitioners of incidences of ownership in the partnership interests which they allegedly transferred to themselves as trustees for their children negatives any intent on their part to transfer real partnership interests to the children. The broad control which petitioners retained over the funds and management of the partnership was one of the reasons which we gave in our prior opinion for nonrecognition of the children as partners in respect of such interests. It may as *163 well be said to show that, in the language of the court, "the transfer to the children of real partnership interests was not intended." Pursuant to the court's mandate we have found as a fact, based on the evidence adduced at the rehearing as well as that previously submitted, that in making the alleged transfers to themselves as trustees for their minor children of portions of their interests in the partnership of Miller's Cut Rate Drugs petitioners did not intend to form a real business partnership with the children or with themselves as trustees for the children. Decisions will be entered under Rule 50.